UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:20-CV-00013-GFVT-EBA

POLYMERIC RESOURCES CORPORATION,  PLAINTIFF,

V.   **MEMORANDUM OPINION & ORDER**

POUNDS OF PLASTIC, LLC, *et al.*,  DEFENDANTS.

*** *** *** ***

Before the Court are several motions related to discovery in the trademark dispute between Plaintiff Polymeric Resources Corporation ("Polymeric"), Defendant Pounds of Plastic, LLC ("PoP, LLC"), and Defendant Richards Pounds (collectively, the "parties"). First, Polymeric moves for sanctions against Defendants [R. 67]; and Defendants move for sanctions against Polymeric and for a protective order to protect the documents and information subject to Polymeric's outstanding discovery requests [R. 73]. Second, Polymeric moves to compel Defendants to provide deposition testimony related to non-party Canadian entity Pounds of Plastic, Inc. ("PoP, Inc.") [R. 81]. Third, Polymeric moves for a protective order to prevent Defendants from deposing Polymeric's employee, Moses Friedman [R. 81].

The Court will refrain from reciting the entire procedural and factual history of this case, but instead incorporate by reference the background as set forth in the May 13, 2021 Order [R. 58].

**I. DEFENDANTS' PRODUCTION OF DOCUMENTS
AND INFORMATION RELATED TO POP, INC.**

**A. Polymeric's Motion for Sanctions**

First, Polymeric moves the Court to issue sanctions against the Defendants for their failure to comply with the Court's May 13, 2021 Order [R. 58] and timely respond to outstanding requests

for production of documents. [R. 67]. Although the Order stated in no uncertain terms that Defendants must produce documents or information related to PoP, Inc., the parties have devoted more than fifty (50) pages—exclusive of exhibits—to resolve a dispute solely arising from Defendants' noncompliance with the Order. *See* [R. 67, 71, 72 73, 74, & 75].

Polymeric states that Defendants produced 102 documents—a "handful" compared to what it expected following the Court's May 13, 2021 Order—some of which were duplicative and nonresponsive. [R. 67 at pg. 4–5]. Missing from the production was "sales information related to NYLENIUM, marketing materials/advertisements related to NYLENIUM, examples of use of the NYLENIUM mark, and the identity of Pounds of Plastic, Inc.'s customers for its NYLENIUM products." [*Id.* at pg. 6]. In essence, Polymeric describes Defendants' refusal to comply with discovery obligations as "seeking a second bite at the apple" while relitigating the relevance of information related to PoP, Inc. [*Id.*] Defendants' justification for noncompliance with this Court's prior Order is as follows:

> The Court was not asked to determine, nor did it determine, that the specific documents Polymeric seeks here are relevant and discoverable. . . . Nowhere in the Court's Order did the Court conduct an analysis of the relevance of the documents Polymeric sought from Pounds of Plastic, Inc. And that is because Polymeric did not ask it to do so.

[R. 71 at pg. 7–8]. Thus, Defendants appear to represent that they are now, for the first time, objecting to the relevance of Polymeric's requests for production of documents.

However, this is not the first time the Court considered the relevance of Polymeric's discovery requests. Defendants properly objected to Polymeric's interrogatories related to PoP, Inc. on the basis of relevance. *See* [R. 67-1 at pg. 54]. Similarly, in correspondence, Defendants objected to the discovery of documents from PoP, Inc. [R. 67-2 at pg. 4]. This discovery dispute resulted in briefing where, in their Response to Polymeric's Motion to Compel, Defendants *did* raise the issue of relevance with respect to Polymeric's document requests, stating:

> As a non-party, Pounds of Plastic, Inc.'s activities *are not relevant* to this litigation and Polymeric's attempt to use discovery in this lawsuit in order to obtain documents from Pounds of Plastic, Inc. is baseless.

[R. 52 at pg. 3] (emphasis added).

In the May 13, 2021 Order, the Court primarily analyzed the issue to which parties devoted much of their briefing: whether information and documents related to PoP, Inc. are in the possession, custody, or control of Mr. Pounds for discovery purposes. The Court did find that Mr. Pounds owns, controls, or at the very least has a financial relationship with PoP, Inc., and its analysis is hereby incorporated by reference. *See* [R. 58 at pg. 8–9]. In arriving at its conclusion, the Court specifically quoted a court in the Northern District of Ohio, which stated: "An individual party to a lawsuit can be compelled to produce *relevant information and documents* relating to a non-party corporation of which it is an officer, director or shareholder." *Gen. Envtl. Sci. Corp. v. Horsfall*, 136 F.R.D. 130, 133–34 (N.D. Ohio 1991) (emphasis added).

By finding that Mr. Pounds fell within the scope of this authority, the Court implicitly determined that the information and documents sought were, indeed, relevant. Moreover, the Court *explicitly* held that documents sought from PoP, Inc. are "properly discoverable" pursuant to Rule 34. [R. 58 at pg. 9]. The scope of Rule 34 is described in Rule 26(b), which provides "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Defendants opine that they did not ask the Court to address the substantive relevance of PoP, Inc. documents and information, [R. 71 at pg. 9], but wholly disregard the Court's explicit order that Defendants must produce documents or information related to PoP, Inc. *See* [R. 58 at pg. 12].

The Defendants' conduct, here, can only be construed as an improper attempt to relitigate an issue that has already been disposed of by this Court. Thus, sanctions are appropriate under

Rule 37(b)(2)(A). The Defendants shall be responsible for attorney's fees and costs associated with Polymeric bringing their motion, [R. 67].

### B. Defendants' Motion for Protective Order

Next, Defendants move for a protective order limiting discovery of information related to PoP, Inc. [R. 71]. The Court has already entered its order granting Polymeric's motion to compel this very information. [R. 58]. Thus, Defendants' motion for a protective order is moot.

### C. Defendants' Motion for Sanctions

Finally, Defendants move for Polymeric to be sanctioned for failing to "engage[] in the meet and confer process in good faith," "going through the motions of a meet and confer but refusing to have any substantive discussion relating any compromise," and "making *ad hominem* attacks throughout the process." [R. 73 at pg. 18]. Further, Defendants move for sanctions because Polymeric moved to sanction Defendants "based on an alleged violation of an order the Court never made." [*Id.*].

First, regarding Defendants allegations related to the meet and confer obligation. Defendants correctly identify parties' obligation to meet and confer in good faith prior to bringing a motion for sanctions as provided by Rule 37(d)(1)(B), which states:

> A motion for sanctions for failing to answer or respond [to a discovery request] must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

Fed. R. Civ. P. 37(d)(1)(B). Indeed, by Defendants' own account, the parties met and conferred telephonically on May 26, 2021 and they agreed on a deadline for production of documents as required by the Court's May 13, 2021 Order. [R. 73 at pg. 5]. Parties again conferred telephonically on July 7, 2021. Defendants allege that the second meet-and-confer was merely pretextual and was convened so that Polymeric could bring its motion for sanctions. [R. 73 at pg. 7]. Defendants' counsel asserts that Polymeric had nothing to add to the discussion and wished

Page **4** of **11**

solely to bring the matter before the Court. [R. 71-1 at pg. 4]. Counsel for Polymeric, however, certified that, during the July 7, 2021 meeting, "Defendants refused to supplement their discovery responses" and continued to make arguments regarding the relevance of Polymeric's requests. [R. 67-10]. Based on the record, the parties' conduct as to the meet-and-confer merely reflects that their positions were irreconcilable, not that either proceeded in bad faith. Imposing sanctions would be improper under such circumstances.

Second, the Court acknowledges that Defendants also seek sanctions on grounds that Polymeric has made *ad hominem* attacks against Defendants' counsel. The conduct described by Defendants, *see* [R. 71 at pg. 7], is patently unprofessional but does not rise to the level of levying sanctions at this time. However, all counsel are hereby **cautioned** that future *ad hominem* attacks will not be tolerated, and may subject parties to sanctions. *See* Local Rule 83.2(c).

Third, regarding Defendants' assertion that Polymeric should be sanctioned for bringing its own motion for sanctions, [R. 67]. As established above, Polymeric's motion was not frivolous or otherwise violative of the civil rules. Thus, imposing sanctions in this instance would be improper.

## II. MOTIONS RELATED TO DEPOSITION TESTIMONY

### A. Polymeric's Motion to Compel Defendants' Deposition Testimony

Polymeric also moves to compel deposition testimony from Defendants on the subject of PoP, Inc. [R. 81]. Parties have conducted depositions of Polymeric witnesses Richard Granger and Arthur Quint. [R. 87]. Mr. Pounds' deposition is currently scheduled for December 17, 2021. [*Id.*]. Although the notices themselves are not in the record, parties' filings indicate that Polymeric noticed PoP, LLC and Mr. Pounds of the depositions, which included PoP, Inc. as a possible deposition topic.

Federal Rule of Civil Procedure 37 permits a party to move for an order compelling disclosure or discovery if another party fails to respond to a discovery request.[1] Fed. R. Civ. P. 37(a)(1). The scope of discovery is within this Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). As the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). In particular, the civil rules allow any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id*. (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)). Accordingly, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In considering the scope of discovery, a court may balance a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle and Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

Rule 30 allows a party to conduct a deposition of any person without leave of court, subject to certain exceptions. Fed. R. Civ. P. 30(a)(1). When a party notices a corporation as an intended deponent, the corporation "must designate one or more officers, directors, or managing agents . . . to testify on its behalf. . . . The persons designated must testify about information known or reasonably available to the [corporation]." Fed. R. Civ. P. 30(b)(6). Further, "[a] corporation has a duty to prepare its witnesses to testify 'fully, completely, and unevasively to the questions . . . as to the relevant subject matters.'" *United States ex rel. Scott v. Humana, Inc.*, No. 3:18-CV-61-GNS-CHL, 2019 U.S. Dist. LEXIS 178973, at *4 (W.D. Ky. Oct. 16, 2019) (quoting *Weber Mfg. Techs. v. Plasan Carbon Composites, Inc.*, 2016 U.S. Dist. LEXIS 186029, at *5 (E.D.

---

[1] Such a motion is proper if accompanied by a certification that the movant has, in good faith, attempted to meet and confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). The Court is satisfied that Polymeric and Defendants met and conferred, in good faith, on this dispute.

Mich. July 26, 2016)). If the individual whose deposition is sought under Rule 30 fails to comply with the rule, Rule 37 provides the party who noticed the deposition the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3).

Defendants objected to allowing their witnesses to be questioned about PoP, Inc. because of the pending motions before the Court.[2] [R. 83 at pg. 8]. As the Court has already established above, PoP, Inc. is relevant to this litigation. As it is relevant, Polymeric may depose Defendants and ask questions related to PoP, Inc. Accordingly, the Court grants Polymeric's motion to compel as to PoP, LLC's corporate designee(s) and Mr. Pounds in his individual capacity. Any further objections on this topic shall be noted on the record, but the examination shall proceed as prescribed by Rule 30(c)(2).

### B. Deposition of Moses Friedman

The final discovery dispute at bar relates to whether Defendants may depose Polymeric employee Moses Friedman. Polymeric was served with their Notice of Deposition of Mr. Friedman on August 23, 2021. [R. 81 at pg. 5]. Following service, Polymeric served its objections to the Notice on Defendants. [*Id.*]. Now, Polymeric moves for a protective order precluding Defendants from taking the deposition of Mr. Friedman on two separate grounds: first, that testimony provided by Mr. Friedman would be irrelevant to the instant trademark dispute; and second, that Mr. Friedman's testimony would be unduly burdensome, cumulative, and not proportional to the needs of the case. [R. 81 at pg. 3].

---

[2] Defendants admit they suggested to Polymeric postponing the depositions until after the Court's ruling on [R. 67 & 73]. [R. 83 at pg. 9]. They also proffer that Polymeric could have proceeded with the deposition—presumably by refraining from asking questions related to PoP, Inc.—and then sought additional time from the Court to conduct additional depositions later. [R. 83 at pg. 9]. The former approach stalls litigation, while the latter impermissibly interferes with the rights of parties to depose witnesses pursuant to Rule 30. Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).").

Under Rule 26 of the Federal Rules of Civil Procedure, Courts may issue a protective order "if justice requires and to protect individuals from 'annoyance, embarrassment, oppression, or undue burden or expense." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing Fed. R. Civ. P. 26(c)). A showing of good cause is also necessary under Rule 26, and "[t]he burden of establishing good cause for a protective order rests with the movant." *Id.* (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). The movant must demonstrate particular facts as opposed to "stereotyped and conclusory statements." *Fears v. Kasich (In re Ohio Execution Protocol Litigation)*, 845 F.3d 231, 236 (6th Cir. 2016)). Ultimately, the Court must weigh litigants' right to discovery "with the need to prevent 'fishing expeditions.'" *Id.* at 236–37 (citing *Serrano v. Cintas Corp.*, 699 F.3d 884, 902 (6th Cir. 2012)).

Polymeric first asserts that the Mr. Friedman's prospective deposition testimony would be irrelevant. [R. 81 at pg. 7]. While Polymeric concedes Mr. Friedman manages a Polymeric facility in New Jersey, it denies that he possesses "first-hand knowledge regarding the issues relevant to the instant trademark infringement litigation . . . ." [R. 81 at pg. 7]. Rather, Polymeric insinuates Defendants have a different motivation for taking Mr. Friedman's deposition:

> Defendant Richard Pounds has been seeking Mr. Friedman's deposition in the parties' ongoing Canadian litigation for many years. The Canadian lawsuit relates to the events and circumstances surrounding Pounds' termination from Polymeric in 2006. . . . Defendants have asserted that they are seeking Mr. Friedman's deposition testimony regarding allegations in Plaintiff's Complaint, including the fact that Pounds was terminated from Polymeric. This is a fishing expedition—it is undisputed that Pounds worked for Plaintiff and was terminated by Polymeric in 2006. Mr. Friedman's conversations and relationship with Pounds is not relevant to the instant case.

[R. 81 at pg. 7–8].

Defendants, however, assert that Mr. Friedman is a current corporate officer and plant manager, "'the mind' of Polymeric[,]" and "in a unique position to testify about [Polymeric's] products and is a source of information necessary to properly investigate any alleged similarity

Page 8 of 11

between the parties' products." [R. 83 at pg. 4]. Mr. Friedman was, according to Defendants, Mr. Pounds' "main point of contact" at Polymeric from 1997 to 2006—the time period specified in Polymeric's Complaint. [R. 83 at pg. 5]. Further, Defendants point to Polymeric's first Initial Disclosures, which indicated Mr. Friedman "possesses knowledge regarding the facts alleged in the Complaint, including the likelihood of confusion between the marks NYLENE and NYLENIUM and the facts relevant to the *DuPont* factors." [R. 83-1 at pg, 2]. Polymeric later amended the Initial Disclosures to remove Mr. Friedman, stating that Mr. Friedman in fact did not possess discoverable information that would support Polymeric's claims. [R. 83-2 at pg. 34]. Defendants claim this was a "superficial tactic" to avoid Mr. Friedman's deposition. [R. 83 at pg. 4].

The Court has wide discretion in dealing with discovery matters, including depositions. *See S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Parties may seek discovery of any relevant, non-privileged information if it relates to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Beyond conclusory statements regarding Defendants' motivation for seeking the deposition, Polymeric offers no evidence to show that Mr. Friedman's testimony would be irrelevant. In fact, Mr. Friedman's position as a corporate officer and evidence of a business relationship with Mr. Pounds could bear on the claims set forth in Polymeric's Complaint, or defenses which Defendants may seek to propound. Thus, Polymeric may not be granted a protective order on the ground that Mr. Friedman's deposition testimony would be irrelevant.

Next, Polymeric states that requiring Mr. Friedman to be deposed would be unduly burdensome. [R. 81 at pg. 7]. Polymeric does not provide any evidence of an undue burden imposed by allowing Mr. Friedman, a Polymeric manager and corporate officer, to prepare and sit for a deposition, other than their belief that Defendants will question Mr. Friedman about

conversations from fifteen (15) years ago.  [R. 85 at pg. 4].  As stated above, it is likely that Mr. Friedman's deposition could provide, or reasonably lead to, information that could bear on parties' claims and defenses.  Polymeric has not demonstrated any burden beyond what one would normally expect during litigation.

Finally, Polymeric claims that Mr. Friedman's deposition would be unreasonably cumulative.  [R. 81 at pg. 8].  It stated that Mr. Friedman's deposition would "exceed the scope of permissible discovery under the federal rules in light of the availability of less burdensome sources for obtaining information" about Mr. Pounds' relationship with Polymeric.  [*Id.*].  The supposed "less burdensome sources" are Polymeric President Sol Schelsinger and CFO Arthur Quint, whom Polymeric asserts will be able to answer any questions regarding its past relationship with Mr. Pounds.  Defendants, however, seek to depose Mr. Friedman regarding his personal knowledge as to the relationship between Mr. Pounds, PoP, LLC, and Polymeric.  [R. 83 at pg. 4].  Defendants also allege that a business communication between Mr. Pounds and Mr. Friedman occurred as recently as July 2020, when the instant litigation was ongoing.  [R. 83-3 at ¶ 3].

Under the Federal Rules of Civil Procedure, "A party may, by oral questions, depose *any person*, including a party, without leave of court[.]"  Fed. R. Civ. P. 30(a)(1).  This is subject to some limitations, which neither party has raised in briefing.  *See* Fed. R. Civ. P. 30(a)(2).  Polymeric has failed to provide a factual or legal basis for its assertions that it or Mr. Friedman would suffer annoyance, embarrassment, oppression, or undue burden or expense.  Thus, Polymeric has not met its burden, nor is it entitled to a protective order.

### III. Conclusion

Having fully considered the matter, and the Court being sufficiently advised,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Sanctions [R. 67] is **GRANTED**. Plaintiff shall file a proposed itemization for the Court's consideration.

2. Defendants' Motion for Protective Order [R. 73] is **DENIED AS MOOT** in light of the Court's Order [R. 58].

3. Defendants' Motion for Sanctions [R. 73] is **DENIED**.

4. Plaintiff's Motion to Compel [R. 81] is **GRANTED**. When deposed, Defendants' witnesses shall answer questions related to PoP, Inc. and counsel should note any further objections on this topic on the record.

5. Plaintiff's Motion for Protective Order [R. 81] is **DENIED**.

Signed December 10, 2021.

Signed By:
*Edward B. Atkins*   *EBA*
United States Magistrate Judge