UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:20-CV-00013-GFVT-EBA

POLYMERIC RESOURCES CORPORATION,                              PLAINTIFF,

V.                    **MEMORANDUM OPINION & ORDER**

POUNDS OF PLASTIC, LLC, *et al.*,                              DEFENDANTS.

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Polymeric Resources Corporation ("Polymeric") filed a Motion for Sanctions on July 14, 2021, alleging that Defendants Pounds of Plastic, LLC ("PoP") and Richard Pounds (collectively, "Defendants") failed to timely comply with a Motion to Compel previously granted by this Court. [R. 67]. Defendants responded and filed a Motion for a Protective Order and a Cross-Motion for Sanctions. [R. 71 & 73]. Polymeric replied. [R. 75]. Based upon the briefing, the undersigned granted Polymeric's Motion for Sanctions, denied Defendants' cross motions, and awarded Polymeric fees and costs. [R. 88].

Polymeric then filed the instant Bill of Costs of the Court's review. [R. 89]. Therein, Polymeric requested $18,738.00 in attorney's fees, representing 49.9 hours of legal services conducted by attorneys Jeffrey Handelsman, Neil Greenblum, Jill Browning, and Danielle Pfifferling; and paralegals Kate Higginbotham and Yuka Fujino Sadowski. [R. 89-1 at pg. 3]. As exhibits, Polymeric provided redacted billing records, [R. 89-2], and a sworn Declaration by Mr. Handelsman, [R. 89-1].

Now, Defendants oppose Polymeric's Bill of Costs on three bases: (1) Polymeric seeks fees not related to its Motion for Sanctions; (2) Polymeric's attorneys' rates are unreasonable; and

(3) the number of hours billed by Polymeric's attorneys is unreasonable. [R. 92]. Polymeric replied, stating that Defendants' objections are meritless and that its fees are reasonable. [R. 93].

## STANDARD OF REVIEW

Discovery sanctions are governed by Federal Rule of Civil Procedure 37, which provides in relevant part:

> If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses *incurred in making the motion*, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The Court has already determined that sanctions are warranted under Rule 37 for Defendants' failure to comply with its Order. [R. 88]. Thus, the scope of this opinion is to determine the fees and costs to which Polymeric is entitled.

"Generally, an inquiry into the reasonableness of attorneys' fees involves a determination of the suitability of the number of hours expended and an analysis of the propriety of the hourly fee charged." *Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 989 F.2d 213, 221 (6th Cir. 1993). This calculation results in what is called a fee applicant's "lodestar," which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). The lodestar is strongly presumed to yield a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

The Sixth Circuit has held that district courts maintain "broad discretion" when determining what constitutes an attorney's reasonable hourly rate. *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994)). Yet, the district court "must provide a concise but clear explanation of its reasons for the award" by "stat[ing] with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 366 (6th Cir.

2014) (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997)). Accordingly, when a party raises objections to a fee award, "a district court should state why it is rejecting them." *Id.* at 367 (quoting *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990)). "Even if the defendant raises objections in a generalized manner, a district court has an obligation to review the billing statement and eliminate those portions of the fee which are unreasonable on their face." *Id.* "The burden is on the lawyer seeking fees to submit evidence— 'in addition to the attorney's own affidavits'—showing that the requested rate is reasonable." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The district court may also rely upon "awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Waldo*, 726 F.3d at 821–22.

## ANALYSIS

**A. Polymeric seeks fees not related to its Motion for Sanctions**

Defendants oppose Polymeric's Bill of Costs, first, because it alleges that Polymeric seeks fees that are not associated with its Motion for Sanctions. [R. 92 at pg. 1–2]. Specifically, Defendants take issue with eleven entries in the redacted billing record provided by Polymeric.

**1. July 8–14, 2021 Entries**

First, as to five of the entries dated July 8–14, 2021, Defendants allege the billing record "do[es] not differentiate between time billed to file [Polymeric's] Motion for Sanctions [Doc. 67], for which it was awarded fees, and its Motion to Compel [Doc. 81], for which it was not." [R. 92 at pg. 2]. The entries Defendants' assert should be excluded are as follows:

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 14-Jul-2021 | Danielle Pfifferling | Review and revise Motion to Compel/Motion for Sanctions. | 0.50 | $450.00 | $225.00 |
| 08-Jul-2021 | Jeffrey Handelsman | Draft Motion to Compel/Sanctions; begin brief. | 3.50 | $360.00 | $1,260.00 |
| 09-Jul-2021 | Jeffrey Handelsman | Draft Motion to Compel/Motion for Sanctions | 5.50 | $360.00 | $1,980.00 |

| 12-Jul-2021 | Jeffrey Handelsman | Draft Motion to Compel/Motion for Sanctions; research case law; prepare Exhibit | 6.00 | $360.00 | $2,160.00 |
| 14-Jul-2021 | Jeffrey Handelsman | Review/finalize/proof motion; review exhibits; review/edit proposed order and certification; review/edit Declaration for Motion. | 3.00 | $360.00 | $1,080.00 |

[R. 92 at pg. 2]. Although Polymeric's entries do refer to a Motion to Compel, Polymeric's counsel explains that the timeslips "relate solely to time spent on Plaintiff's Motion for Sanctions (D.I. 67). Plaintiff is not seeking fees for its Motion to Compel (D.I. 81)." [R. 89-1 at pg. 3].

Defendants respond that Polymeric's explanation mischaracterizes the entries and that they actually do relate to a separate Motion to Compel. [R. 92 at pg. 2]. In its Reply, Polymeric further explains that it had "originally captioned the Motion [referenced in the billing record] as a 'Motion to Compel/Sanctions'" but, "in advance of filing, Plaintiff changed the caption of its motion[,]" which was ultimately filed July 14, 2021. [R. 93 at pg. 2]. Furthermore, Polymeric states that the Motion to Compel, [R. 81], was not filed until October 8, 2021 and that Plaintiffs timeslips composed between July 8 and July 14 are clearly connected with drafting the Motion for Sanctions, not the Motion to Compel "drafted/filed months later" and "relat[ing] to a completely different issue." [*Id.*]. Given the timing of the entries in question and Polymeric's filing of the Motion for Sanctions, it is clear that the entries relate to the Motion for Sanctions and *not* the Motion to Compel. Apart from bald assertions that Polymeric has made misrepresentations to the Court, Defendants fail to explain why these entries should not be included in an award of fees. Thus, the Court declines to sustain Defendants' objection to the July 8–14 entries and they shall be considered when calculating final fees and costs.

**2. August 4–18, 2021 Entries**

Next, Defendants object to six additional timeslips contained in Polymerics redacted billing

record, dated August 4–18, 2021, on the basis that they incorporate time billed to respond and oppose to Defendants' motions, not merely the Motion for Sanctions. [R. 92 at pg. 3]. The entries in question are as follows:

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 04-Aug-2021 | Jeffrey Handelsman | Review Pounds Opposition/Motion for Protective Order/Sanctions | 0.50 | $360.00 | $180.00 |
| 05-Aug-2021 | Jeffrey Handelsman | Outline Reply to Pounds' Motion | 2.50 | $360.00 | $900.00 |
| 11-Aug-2021 | Jeffrey Handelsman | Finalize draft Reply Motion re: sanctions/opposition to protective order/cross-sanctions motion | 2.0 | $360.00 | $720.00 |
| 04-Aug-2021 | Jill Browning | Discussing defendants' cross motion/opposition. | 0.20 | $590.00 | $118.00 |
| 15-Aug-2021 | Jill Browning | Reviewing/revising reply in further support of Motion to Compel and in opposition of motion for sanctions | 1.20 | $590.00 | $708.00 |
| 18-Aug-2021 | Kate Higginbotham | Reply to Motion for Sanction and Cross-Motion: finalize and prepare for filing, file update and maintenance. | 0.80 | $180.00 | $144.00 |

[R. 92 at pg. 3].

Based on the dates on the entries and the record as a whole, the Court concludes that the work performed in these entries culminated in the filing of Polymeric's Reply, [R. 72]. The Reply was multifaceted: Polymeric responded to Defendants' allegations that it had not complied with its meet-and-confer obligation prior to filing its Motion for Sanctions, [R. 72 at pg. 3]; replied in support of its Motion for Sanctions, [*Id.* at pg. 5]; responded in opposition to Defendants' Motion for Protective Order, [*Id.* at pg. 8]; and responded in opposition to Defendants' Motion for Sanctions, [*Id.* at pg. 9].

Defendants argue that, because Polymeric's Reply was not solely in support of its motion, the Court should disregard the fees Polymeric incurred to prepare the Reply altogether. However,

Defendants' Motions for a Protective Order and Cross-Motion for Sanctions arose from Polymeric's Motion for Sanctions. For instance, the Defendants' Motion for Protective Order, [R. 73], sought to protect the information sought by Polymeric's Motion to Compel, which the Court had already granted and was the subject of the Motion for Sanctions. Also, notably, the conduct for which Defendants sought sanctions are undeniably linked to the discovery issue underpinning Polymeric's Motion for Sanctions. Thus, the Court declines to sustain Defendants' objection on this basis. The spirit of Rule 37, and this Court's order, necessitates awarding fees for the legal services rendered in preparing and filing the Reply, including the August 4–18, 2021 entries.

**B. Polymeric's attorneys' rates are unreasonable**

Next, Defendants argue that Polymeric's attorneys' hourly rates are unreasonable, and therefore should be reduced. [R. 92 at pg. 3]. According to Polymeric's billing records, its attorneys bill at the following hourly rates:

- Jeffrey Handelsman: $360.00
- Danielle Pfifferling: $450.00
- Jill Browning: $590.00
- Neil F. Greenblum: $730.00

[R. 89-2].

Defendants argue that Polymeric has failed to demonstrate that attorneys Pfifferling, Browning, and Greenblum's hourly rates are reasonable in this Court's venue. [R. 92 at pg. 4]. In support of their position, Defendants reference a 2018 U.S. Consumer Law Report, which indicates the median attorney billable hour rate in Lexington, Kentucky is $338, the 75% median rate being $400, and the 95% median rate being $417. [*Id.*]. Compared to the hourly rates for Mr. Greenblum, Ms. Browning, and Ms. Pfifferling, Defendants argue that the hourly rates are all unreasonable and should be reduced. [*Id.* at pg. 5].

Page **6** of **13**

In the Sixth Circuit, "[t]he prevailing market rate is 'that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)). The Sixth Circuit further utilizes the "community market rule" when calculating a reasonable billing rate. *Linneman v. Vita-Mix Corp.*, 970 F.3d 621, 629–30 (6th Cir. 2020) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). A reasonable fee, by the court's logic, will be different from "the prices charged to well-to-do clients by the most noted lawyers and renowned firms in a region." *Linneman*, 970 F.3d at 630 (quoting *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 716 (6th Cir. 2016)).

On the other hand, "[t]here is some Sixth Circuit authority that the relevant market need not be local to the venue." *Smith*, 592 F. App'x at 369. "District courts are free to look to a national market, an area of specialization market or any other market they believe appropriate to fairly compensate particular attorneys in individual cases." *Id.* (citing *Louisville Black Police Officers Org., Inc. v. Louisville*, 700 F.2d 268, 278 (6th Cir. 1983)). Fee applicants may seek to recover fees different than the community market rate by designating the attorney an "out-of-town specialist." *Ne. Ohio Coal. for the Homeless*, 831 F.3d at 716. The Court may find that counsel was an out-of-town specialist, and therefore their fee reasonable, by determining (1) "whether hiring the out-of-town specialist was reasonable in the first instance"; and (2) "whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix*, 65 F.3d at 535.

Polymeric argues that the hourly rates for Ms. Browning and Mr. Greenblum are reasonable as they are out-of-town specialists. [R. 93 at pg. 2]. First, Polymeric indicates that representation by the attorneys, all of whom are associated with Greenblum & Bernstein, PLC ("G&B") is reasonable because G&B has represented Polymeric for approximately 40 years in intellectual

property matters. [*Id.*]. Second, Polymeric states that the billing rates for the attorneys "are commensurate for attorneys with their experience, skill, and reputation." [*Id.*]. For instance, Polymeric states that Mr. Greenblum has 40 years of experience and Ms. Browning has over 25 years of experience. Moreover, Polymeric states that G&B is a boutique intellectual property law firm which specializes in patent and trademark actions.

Relying upon an unpublished Sixth Circuit case, this Court previously awarded attorneys' fees for out-of-town counsel that had a "longstanding relationship" with his client, comparable to Polymeric's longstanding relationship with G&B. *See New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, No. 6:12-CV-91-GFVT-HAI, 2016 U.S. Dist. LEXIS 96712, at *32 (E.D. Ky. Mar. 16, 2016) (citing *Graceland Fruit, Inc. v. KIC Chemicals, Inc.*, 320 F. App'x. 323 (6th Cir. 2008)), *adopted by New London Tobacco Mkt. v. Ky. Fuel Corp*., No. 6:12-cv-00091-GFVT, 2020 U.S. Dist. LEXIS 72592 (E.D. Ky. Apr. 24, 2020). In *Graceland Fruit*, the Sixth Circuit upheld fees awarded to an out-of-town attorney from New York City, finding that counsel's rate was reasonable in light of the firm's "longstanding representation of [the defendant] . . . over the years." 320 F. App'x at 329–30. Based upon Polymeric's submissions, and the limited hours billed by Mr. Greenblum and Ms. Browning (collectively less than 6 hours of the 49.9 hours billed), the Court accepts their classification as out-of-town specialists and, accordingly, finds their hourly fees reasonable.

By contrast, Polymeric makes no argument regarding the reasonableness of the hourly fee for Ms. Pfifferling. In fact, Polymeric makes no showing in its Bill of Costs, nor in its Reply, that Ms. Pfifferling's fee is reasonable in this venue or as an out-of-town specialist. The burden to show that an attorneys' fee is reasonable plainly falls upon the fee applicant, and Polymeric has not met their burden through its filings. Thus, the Court is inclined to consider Defendants' arguments for a reduction of her fee. For instance, as Defendants point out, Ms. Pfifferling has 7

years of experience and bills at a rate of $450 per hour, while Mr. Handelsman, having 10 years of experience, bills at a rate of $360 per hour. Polymeric's Reply offers no explanation for the significantly different billing rates for attorneys with similar backgrounds and from the same law firm. Accordingly, the Court finds it appropriate to reduce Ms. Pfifferling's hourly rate to $360, as her experience and skill is comparable to Mr. Handelsman and Defendants do not object to Mr. Handelsman's hourly rate. The reduction of Ms. Pfifferling's hourly rate results in an overall fee reduction of $90.00.

**C. The hours of Polymeric's attorneys are unreasonable**

Finally, Defendants argue that Polymeric billed an excessive number of hours and, therefore, the Court should reduce for the purpose of awarding fees for the Motion for Sanctions. [R. 92 at pg. 6]. Defendants aver that Polymeric's hours claimed—49.9 hours—is unreasonable in light of the length, content, and complexity of the Motion for Sanctions. [*Id.*].

The fee applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Graceland Fruit, Inc*, 320 F. App'x at 328 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Courts review billing claims for "[e]xcessive, redundant, or otherwise unnecessary hours, or hours spent on unsuccessful claims," which are usually excluded from fee awards. *Butcher v. Bryson*, No. 3:12-00251, 2014 U.S. Dist. LEXIS 125725, at *3 (M.D. Tenn. Sept. 5, 2014) (citing *Hensley*, 461 U.S. at 437).

While considering Defendants' objections, the Court notes that "[t]here is no precise rule or formula" to determine a reasonable number of hours expended. *Hensley*, 461 at 436. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. Thus, trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Broadly speaking, Defendants first argue that 49.9 hours sought is unreasonable, stating

that this number of hours is what is "typically seen for the filing of dispositive motions." [R. 92 at pg. 6]. Defendants then direct the Court to a case from this district, which found 3.9 hours billed for a motion for sanctions to be reasonable. *See Sun v. CM Prods. Inc.*, Civil Action No. 5:07-cv-227-JMH, 2009 U.S. Dist. LEXIS 14593 (E.D. Ky. Feb. 25, 2009). In that case, this Court granted a Motion to Seal Confidential Document Pursuant to Protective Order and for Sanctions, a motion that was 6 pages in length, including the Certificate of Service. Moreover, the defendants in the case did not file a reply. Thus, the motion in *Sun v. CM Prods. Inc.* is not comparable to the longer, fully briefed Motion for Sanctions at bar.

Other cases from this district, however, may be more instructive when attempting to ascertain a reasonable number of hours billed for a motion for sanctions. For instance, this Court awarded $109,789.75 in attorneys' fees and expenses for a plaintiffs' motion for sanctions, amounting to well over 100 hours of billable legal services. *New London Tobacco Mkt. v. Ky. Fuel Corp.*, No. 6:12-cv-00091-GFVT, 2020 U.S. Dist. LEXIS 72592 (E.D. Ky. Apr. 24, 2020).[1] This Court also award a third-party defendant $17, 212.50 for 81.3 hours of work on a motion for sanctions, where the briefing involved an "uncommon factual background" and "weighty and complex issues of spoilation sanctions[.]" *Ohio Cas. Ins. Co. v. Cox*, No. 5:11-CV-334-HRW-REW, 2015 U.S. Dist. LEXIS 127442, at *45 (E.D. Ky. June 5, 2015), *adopted by Ohio Cas. Co. v. Cox*, Civil Action No. 11-334-HRW, 2015 U.S. Dist. LEXIS 126231 (E.D. Ky. Sep. 22, 2015). These cases illustrate that a reasonable number of hours billed associated with a motion for sanctions can far exceed the 3.9 hour figure offered by Defendants. Thus, the Court is inclined to find that, given the nature of the briefing and the subject matter, 49.9 hours is not an inherently

---

[1] The Court also awarded attorneys' fees and expenses associated with plaintiffs' attempts to depose defendants' witness. *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, No. 6:12-CV-91-GFVT-HAI, 2016 U.S. Dist. LEXIS 96712, at *1 (E.D. Ky. Mar. 16, 2016). However, even if half of the hours were only associated with the plaintiffs' motion for sanctions, the hours billed in the case would still exceed the 49.9 hours claimed by Polymeric.

unreasonable number of hours billed for Polymeric's Motion for Sanctions.

Defendants also aver that 49.9 hours is an unreasonable number of hours because the Motion for Sanctions and Reply contain arguments that were already briefed in the context of Polymeric's Motion to Compel. [R. 92 at pg. 6].

Beginning with the Motion for Sanctions, Defendants take issue with the length of the motion's fact section, which they purport summarizes the Motion to Compel and the Court's order granting the Motion to Compel. They also complain that the motion's argument section "rehashes" the arguments Polymeric made in its Motion to Compel.[2] Upon review of the relevant filings, the Court finds that Defendants' issues with the Motion for Sanctions are without merit. While the motion does contain a lengthy fact section, the filing does not merely restate the facts contained in the Motion to Compel or the Court's order. Rather, the fact section tracks the history of the discovery issue, the briefing of the motion, the Court's granting that motion, and Defendants' noncompliance with the Court's mandate. The Federal Rules demand that a motion must "state with particularity the grounds for seeking the order," and this Court cannot fathom how Polymeric could have done so absent a thorough factual and procedural history. Fed. R. Civ. P. 7(b)(1)(B). Thus, the Court finds that the number of hours devoted to preparing and filing the Motion for Sanctions to be reasonable.

Defendants raise similar arguments regarding Polymeric's Reply, stating that "[t]he first *six* pages of Polymeric's Reply restate and are intended to address Defendants' arguments from its Response . . . , yet Polymeric adds no new arguments from its original motion." [R. 92 at pg. 6] (emphasis in original). The Court is puzzled by this argument, as the purpose of a reply is "to allow the movant to rebut the nonmovant's response, thereby persuading the Court that the movant

---

[2] Ironically, when granting Polymeric's Motion for Sanctions, the Court noted that Defendants' noncompliance with the Motion to Compel "can only be construed as an improper attempt to relitigate an issue that has already been disposed of by this Court." [R. 88 at pg. 3].

is entitled to the requested relief." *Girl Scouts of Middle Tenn., Inc. v. Girl Scouts of the United States, Inc.*, No. 3:12-cv-00575, 2013 U.S. Dist. LEXIS 59782, at *3–4 (M.D. Tenn. Apr. 19, 2013) (quoting *Galderma Labs., L.P. v. Actavis Mid Atl. LLC*, No. 4:06-CV-471-Y, 2008 U.S. Dist. LEXIS 114397, at *1 (N.D. Tex. July 23, 2008)); *see also Rose v. Liberty Life Assurance Co.*, No. 3:15-CV-28-DJH-CHL, 2015 U.S. Dist. LEXIS 141519, at *5 (W.D. Ky. Oct. 16, 2015) (stating that a "counterpoint in response to [nonmovant's] theory" is "entirely consistent with the proper purpose of a reply brief"). It does not follow that Polymeric was obliged to raise new arguments in its Reply. Thus, it was proper for Polymeric to devote their Reply to responding to arguments raised by Defendants in their Response.

**D. Review of Redacted Billing Record**

In addition to the objections raised by Defendants, the Court finds that there are additional entries that should be omitted or reduced from the calculation of costs and fees apart from those raised by Defendants in their objections. First, Polymeric claims that Mr. Handelsman performed 2 hours of work at an hourly rate of $360.00:

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 07-Jul-2021 | Jeffrey Handelsman | Prepare for and conduct meet and confer with opposing counsel; review Order; prepare status update to client | 2 | $360.00 | $720.00 |

[R. 89-2 at pg. 7]. Preparing a status report for a client does not fall within the scope of the attorneys' fees and costs granted by the Court. Updating the client should occur regardless of the status of litigation. Polymeric, in the briefing or their filings, does not meet its burden to show that the time billed in connection with this portion of the entry is connected with the Motion for Sanctions. Accordingly, the Court shall reduce the recoverable billable rate to 1.8 hours by Mr. Handelsman, reducing the overall fees by $52.00.

In the same vein, the Court shall also omit the following entry from August 19, 2021, which

bills Polymeric for Mr. Handelsman delivering a status report to Sol Schlesinger, the owner of Polymeric:

| Date | Name | Description | Hours | Rate | Amount |
| --- | --- | --- | --- | --- | --- |
| 19-Aug-2021 | Jeffrey Handelsman | Status report to Sol. | 0.20 | $360.00 | $72.00 |

[R. 87-2 at pg. 10].  Again, Polymeric has not met its burden to show that this entry is associated with the Motion for Sanctions.  Thus, the overall fees shall be reduced by $72.00.

## CONCLUSION

The Court finds that subject to the reductions listed below, the services billed in the redacted billing record are related to Polymeric's Motion for Sanctions; the hourly rates of Polymeric's attorneys are reasonable; and the hours of work performed by Polymeric's counsel are reasonable.  For the reasons stated above, the Court shall make the following reductions:

- Ms. Pfifferling's hourly rate shall be reduced to $360.00, thus reducing the overall fee award by $90.00;
- Mr. Handelsman's entry relating to "prepar[ing] status update to client" on July 7, 2021 shall be reduced by 0.20 hours, thus reducing the overall fee award by $52.00; and
- Mr. Handelsman's entry relating to delivering a "[s]taus report to Sol" for 0.20 hours shall be omitted in its entirety, thus reducing the overall fee by $72.00.

Having fully considered the matter, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff Polymeric be awarded **$18,524.00** in attorneys' fees and expenses.

Signed August 18, 2022.

